FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION** ▾

DEC 18 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

BETSY HARRELL,
INDIVIDUALLY AND A/N/F OF
NATALIE HARRELL, AND
MADELINE HARRELL,
      Plaintiff,

V.

CLIFFORD BROOKE,
      Defendant.

Case No.:

# SA24CA1445 *OG*

## MOTION FOR ADMISSION PRO HAC VICE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now STEPHEN GOLDSMITH                      , applicant herein, and

moves this Court to grant admission to the United States District Court for the Western  District of

Texas pro hac vice to represent CLIFFORD BROOKE                      in this case, and

would respectfully show the Court as follows:

1.    Applicant is an attorney and a member of the law firm (or practices under the name of)
      LANZA LAW FIRM, P.C.                      with offices at:

      Mailing address:  300 E. SONTERRA, SUITE 1140

      City, State, Zip Code:  SAN ANTONIO, TEXAS 78258

      Telephone:  210-564-9100               Facsimile:  210-899-3590

2.    Since  11/01/1991                      , Applicant has been and presently is a
      member of and in good standing with the Bar of the State of TEXAS                      .
      Applicant's bar license number is 08097740                      .

3.    Applicant has been admitted to practice before the following courts:

      Court:                                   Admission date:

      State of Texas                           November 1991

4.   Applicant is presently a member in good standing of the bars of the courts listed above,
     except as provided below (list any court named in the preceding paragraph before which
     Applicant is no longer admitted to practice):
     none

5.   I ☒ have ☐ have not previously applied to Appear Pro Hac Vice in this district
     court in Case[s]:
     Number: 5:23-CV-00711_____ on the 28th__ day of November_____, 2023__.
     Number: _____ on the _____ day of _____, _____.
     Number: _____ on the _____ day of _____, _____.

6.   Applicant has never been subject to grievance proceedings or involuntary removal
     proceedings while a member of the bar of any state or federal court, except as
     provided:
     See attached.

7.   Applicant has not been charged, arrested, or convicted of a criminal offense or offenses,
     except as provided below (omit minor traffic offenses):
     DWI - 2008

8.   Applicant has read and is familiar with the Local Rules of the Western District of Texas
     and will comply with the standards of practice set out therein.

9.    Applicant will file an Application for Admission to Practice before the United States
      District Court for the Western District of Texas, if so requested; or Applicant has
      co-counsel in this case who is admitted to practice before the United States District
      Court for the Western District of Texas.

      Co-counsel: _____Nicholas J. Lanza_____

      Mailing address: _300 E. Sonterra, Suite 1140_____

      City, State, Zip Code: _San Antonio, TX 78258_____

      Telephone: _210-564-9100_____

Should the Court grant applicant's motion, Applicant shall tender the amount of $100.00 pro hac
vice fee in compliance with Local Court Rule AT-l(f)(2) [checks made payable to:  Clerk, U.S. District
Court].

      Wherefore, Applicant prays that this Court enter an order permitting the admission of
STEPHEN GOLDSMITH_____ to the Western District of Texas pro hac vice for this case only.

                                    Respectfully submitted,

                                    STEPHEN GOLDSMITH_____
                                    [printed name of Applicant]
                                    *Stephen Goldsmith*
                                    [signature of Applicant]

                          **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a true and correct copy of this motion upon each  attorney of
record and the original upon the Clerk of Court on this the _13th_ day of _December_ / 7 , _2024_ .

                                    STEPHEN GOLDSMITH_____
                                    [printed name of Applicant]
                                    *Stephen Goldsmith*
                                    [signature of Applicant]

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION ▾

BETSY HARRELL, INDIVIDUALLY
AND A/N/F OF NATALIE
HARRELL, AND MADELINE
HARRELL,
        Plaintiff,

V.

CLIFFORD BROOKE,
        Defendant.

Case No.:

# SA24CA1445 *OG*

## ORDER

BE IT REMEMBERED on this day, there was presented to the Court the Motion for

Admission Pro Hac Vice filed by STEPHEN GOLDSMITH _____, counsel for

CLIFFORD BROOKE _____, and the Court, having reviewed the motion, enters

the following order:

IT IS ORDERED that the Motion for Admission Pro Hac Vice is GRANTED, and

STEPHEN GOLDSMITH _____ may appear on behalf of CLIFFORD BROOKE _____

in the above case.

IT IS FURTHER ORDERED that STEPHEN GOLDSMITH _____, if he/she

has not already done so, shall immediately tender the amount of $100.00, made payable to: **Clerk, U.S.**

**District Court**, in compliance with Local Court Rule AT-l(f)(2).

SIGNED this the _____ day of _____, 20_____.


_____
UNITED STATES DISTRICT JUDGE ▾


[ Reset all fields ]        [ Print Form ]

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

July 07, 2023

Re: Mr. Stephen Reed Goldsmith, State Bar Number 08097740

To Whom It May Concern:

This is to certify that Mr. Stephen Reed Goldsmith was licensed to practice law in Texas on November 01, 1991, and is an active member in good standing with the State Bar of Texas. "Good standing" means that the attorney is current on payment of Bar dues; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension from the practice of law.

This certification expires 30 days from the date, unless sooner revoked or rendered invalid by operation of rule or law.

Sincerely,

Seana Willing
Chief Disciplinary Counsel
SW/web

BEFORE THE GRIEVANCE COMMITTEE FOR STATE BAR
DISTRICT NO. 10B, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| Complaint Against | X | |
| | X | |
| Stephen Reed Goldsmith | X | No. S0099301427 |
| | X | |
| San Antonio, Texas | X | |

## AGREED JUDGMENT OF PRIVATE REPRIMAND

A complaint was docketed by the Grievance Committee for State Bar District No. 10B, State Bar of Texas, against Stephen Reed Goldsmith, Texas Bar Number 08097740, (hereinafter called "Respondent") a licensed attorney and member of the State Bar of Texas, residing or maintaining an office in San Antonio, Texas, Bexar County, Texas, by State Bar of Texas, as Complainant, alleging certain acts of professional misconduct on the part of the Respondent which occurred in Bexar County, Texas.

The Grievance Committee and the Respondent lawyer have signed an Agreed Findings of Facts and Conclusions of Law on file herein, and said findings and conclusions support a Judgment of Private Reprimand herein agreed to, and by reasons of said findings and conclusions the Committee is of the opinion that Respondent is guilty of professional misconduct and should be reprimanded.

Respondent consents to the rendition and entry of this Judgment and having his acknowledgement to the Agreed Findings of Fact and Conclusions of Law taken in accordance with the provision of the State Bar Rules.

AJOPR (Page 1 of 3)

Respondent further agrees that, concurrent with his execution of this Agreed Judgment, Respondent shall pay State Bar attorney's fees of $100.00, by certified or cashier's check made payable to the General Counsel, State Bar of Texas, 405 N. St. Mary's Street, Suite 600, San Antonio, Texas 78205.

This reprimand shall remain confidential as to the identity of the reprimanded attorney except that, in accordance with the Texas Rules of Disciplinary Procedure copies of this reprimand shall be forwarded to the General Counsel of the State Bar of Texas.

SIGNED this _7th_ day of _March_____, 19_94_.

GRIEVANCE COMMITTEE
DISTRICT NO. 10B
STATE BAR OF TEXAS

BY: _____
Sandra C. Zamora
Chairperson

CONSENT TO GRIEVANCE COMMITTEE JUDGMENT

In connection with the charges of professional misconduct filed against me and heard by your Committee, I hereby consent to entry of Judgment in the form submitted to me.

SIGNED this _18th_ day of _February_____, 19_94_.

_____
Stephen Reed Goldsmith
State Bar No.08097740

AJOPR (Page 2 of 3)

STATE OF TEXAS                    X

COUNTY OF Bexar                   X
                                  X

    BEFORE ME, the undersigned, a Notary Public in and for said county and State, on this day personally appeared Stephen Reed Goldsmith, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was executed for the purposes and considerations therein expressed, and the Judgment is true in every respect.

    GIVEN UNDER my hand and seal of office this 18 day of February 1994.

THERESE A. KEZAR
Notary Public, State of Texas
My Comm. Exp. 02/08/97

My Commission Expires

Notary Public in and/for the State of Texas

Therese A. Kezar
Printed Name of Notary

CFG-2.PRI

AJOPR (Page 3 of 3)

## CAUSE NO. C-3356-95C

| COMMISSION FOR LAWYER DISCIPLINE | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| STEPHEN R. GOLDSMITH | § | 139th JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

On the 27th day of February, 1996, the parties in the above styled and numbered case agreed to mediate. Pursuant to the agreement to mediate, all matters arising out of this cause of action were mediated. The parties have reached a settlement and this Agreed Final Judgment has been executed in accordance with said settlement. Petitioner, the Commission for Lawyer Discipline ("CFLD"), represented by its attorney of record agrees to this final judgment. Respondent, Stephen R. Goldsmith ("Respondent"), represented by his attorney of record agrees to this final judgment.

Pursuant to the stipulations of fact the Court finds and concludes that Respondent Stephen R. Goldsmith has, by his conduct as alleged in the Petitioner's Disciplinary Petition on file in this case, committed professional misconduct as defined in Part 1, §1.06(Q), of the Texas Rules of Disciplinary Procedure, and that the CFLD is entitled to judgment against Respondent, Stephen R. Goldsmith.

Specifically, the Court finds and concludes that Respondent, Stephen R. Goldsmith, has violated Rules 1.03(a), 1.14(a), and 1.14(b) of the Texas Disciplinary Rules of Professional Conduct.

The Court further finds and concludes that the proper discipline of Respondent for his acts of professional misconduct as found in this Judgment is a two year suspension from the practice of law, probated over two years, beginning June 7, 1996, through June 6, 1998, upon all of the following terms and conditions:

1.    During the term of probation, from June 7, 1996, through June 6, 1998, Respondent shall not engage in professional misconduct as defined by §1.06(Q) of the Texas Rules of Disciplinary Procedure.

2.    During the term of probation, from June 7, 1996, through June 6, 1998, Respondent shall not violate any state or federal criminal statutes, except that misdemeanor traffic offenses shall not be grounds for revocation of Respondent's probation.

3.    During the term of probation, from June 7, 1996, through June 6, 1997, Respondent shall at all times keep the State Bar of Texas membership department notified as to his current mailing, residence, and business addresses and telephone numbers, and he shall advise the State Bar of Texas of any of these changes within ten days of the change.

4.    During the term of probation, from June 7, 1996, through June 6, 1998, Respondent shall pay to the CFLD through the State Bar of Texas the sum of One Thousand Eight Hundred Fifty and No/100 Dollars ($1,850.00) as reasonable and necessary attorney's fees incurred in the prosecution of this case. All payments under this condition of probation shall be made as follows:

    a.    All checks shall be made payable to "The State Bar of Texas" and shall be payable in good funds.

    b.    Respondent shall pay all attorney's fees on or before March 6, 1998.

c.   All checks shall be delivered to the office of the State Bar of Texas, 1111 Fannin, Suite 1370, Houston, Texas, 77002, to the attention of Diego. J. Vargas, Assistant General Counsel for the State Bar of Texas.

5.   During the term of probation, from June 7, 1996, through June 6, 1998, Respondent shall take continuing legal education courses in ethics that have been approved by the State Bar of Texas for a total of three hours of continuing legal education, and these three hours of ethics courses shall be in addition to the minimum of fifteen hours of continuing legal education required each year by the State Bar of Texas.

6.   During the term of probation, from June 7, 1996, through June 6, 1998, Respondent shall respond to any request for information forwarded to him by any grievance committee of the State Bar of Texas or by the Office of the General Counsel of the State Bar of Texas in connection with an investigation of any allegations of professional misconduct in accordance with the Texas Rules of Disciplinary Procedure unless the Respondent claims the privilege against self-incrimination.

It is further ORDERED that upon determination by the Court that Respondent has, during the term of his probation, violated any term or condition of probation, the Court shall enter an order revoking the probation and imposing the suspension of the Respondent from the practice of law for a period of two years commencing on or after the date of revocation upon the following conditions:

1.   the General Counsel of the State Bar of Texas may apply to this Court for revocation by filing a written Motion to Revoke Probation containing specific allegations that Respondent violated any of the terms or conditions of his probation;

2.   a copy of the Motion to Revoke Probation and a Notice of Hearing on the Motion shall be delivered to Respondent pursuant to Rule 21a of the Texas Rules of Civil Procedure at Respondent's last known address on the membership rolls of the State Bar of Texas; and

3.   the Court shall expeditiously hear the Motion to Revoke Probation without the aid of a jury and shall determine whether the Respondent has violated any of the terms or conditions of probation and whether

the acts constituting the violation occurred during the term of probation by a preponderance of the evidence.

It is further ORDERED that any active suspension imposed on Respondent as a result of revocation of his probation shall be in addition to any and all other action taken against Respondent as a consequence of his professional misconduct or criminal acts occurring during the period of probation which serve as the basis for the revocation of his probation.

It is further ORDERED that, during any term of active suspension that may be imposed upon Respondent by the Court by reason of Respondent's failure to adhere to the terms of this Judgment, Respondent shall be enjoined from practicing law in Texas, holding himself out as an attorney, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any Texas administrative body, or holding himself out to others or using his name in any matter in conjunction with the words "attorney," "counselor," "counselor at law," or "lawyer."

It is further ORDERED that the CFLD shall have judgment against Respondent in the amount of One Thousand Eight Hundred Fifty and No/100 Dollars ($1,850.00) as reasonable and necessary attorney's fees incurred in the prosecution of this action. The attorney's fees shall be payable as set forth in this Judgment above. Payment of attorneys fees is a condition of continued probation as described in the terms and conditions of probation outlined above.

Final Judgment/Goldsmith

Page 4

**Approved:**

STATE BAR OF TEXAS
Office of the General Counsel


By: _____

     DIEGO J. VARGAS
     Assistant General Counsel
     State Bar No. 04716150
     1111 Fannin, Suite 1370
     Houston, Texas 77002
     (713) 759-6931
     Fax (713) 752-2158

ATTORNEY FOR THE COMMISSION FOR
LAWYER DISCIPLINE

**Approved:**


DWAIN COUSINS
Attorney at Law
SBN: 00793553
115 E. Travis, Suite 1705
San Antonio, TX 78205

ATTORNEY FOR RESPONDENT


STEPHEN R. GOLDSMITH
Attorney at Law
SBN: 08097740
115 E. Travis, Suite 1705
San Antonio, TX 78205

RESPONDENT

## BEFORE THE GRIEVANCE COMMITTEE FOR THE STATE BAR DISTRICT NO. 10A, THE STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMPLAINT AGAINST | §<br>§ | |
| STEPHEN REED GOLDSMITH | §<br>§ | NO. S0030210387 |
| SAN ANTONIO, TEXAS | § | |

### AGREED JUDGMENT OF PRIVATE REPRIMAND

A complaint was docketed by the Grievance Committee for State Bar District No. 10A, Panel 3, State Bar of Texas, against Stephen Reed Goldsmith ("Respondent"), Texas Bar Number 08097740, a licensed attorney and member of the State Bar of Texas, residing or maintaining an office in San Antonio, Bexar County, Texas, by the State Bar of Texas ("Complainant"), alleging certain acts of professional misconduct on the part of Respondent which occurred in Bexar County, Texas.

### Professional Misconduct

The Grievance Committee and the Respondent attorney have agreed to the following Findings of Facts and Conclusions of Law. It is agreed the following Findings of Fact and Conclusions of Law support a Judgment of Private Reprimand herein agreed to, and by reasons of said findings and conclusions, the Committee is of the opinion that Respondent has committed professional misconduct and should be reprimanded.

### Findings of Fact

A Panel of the Committee has conducted a hearing on this complaint and having considered all of the evidence submitted, and by agreement of Respondent, has on June 26, 2002 made the following Findings of Fact and Conclusions of Law:

(1)    Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

(2)    Respondent deliberately continued to practice law while knowingly suspended and failed to inform his client or the Court of that suspension

## Conclusions of Law

It is agreed that the foregoing findings of fact support a violation of Rule(s) 8.04(a)(11) of the Texas Disciplinary Rules of Professional Conduct.

## Sanction

Accordingly, IT IS AGREED, AND IT IS THEREFORE ORDERED, that Respondent be and he is Privately Reprimanded in accordance with the Texas Rules of Disciplinary Procedure.

IT IS FURTHER AGREED AND ORDERED, that Respondent shall submit himself to the Professionalism Enhancement Program Committee for the State Bar of Texas, District 10, for a term as prescribed by the Committee.  Respondent is ORDERED to comply with all terms and conditions as set forth by the Committee.  Any failure to cooperate or fully comply with all of the Committee's terms and conditions shall form the basis of a State Bar initiated complaint for the violation of the terms of a disciplinary judgment pursuant to Rule 8.04(a)(7).  Respondent shall execute waivers or releases of confidentiality and provide other documents required by the Committee.  Any and all costs or expenses associated with any requirement placed on Respondent by the Committee shall be the sole responsibility of the Respondent.

This reprimand shall remain confidential as to the identity of the reprimanded attorney except that, in accordance with the Texas Rules of Disciplinary Procedure, photocopies of this reprimand shall be forwarded to the Chief Disciplinary Counsel of the State Bar of Texas.

Respondent further agrees that this Judgment may be made public for purposes of enforcement, contempt or used as the basis of a complaint for a violation of Rule 8.04(a)(7) of the Texas Disciplinary Rules of Professional Conduct in the event the Respondent fails to comply with any terms and conditions of this Judgment.

SIGNED this 6ᵗʰ day of _September_, 2002.

GRIEVANCE COMMITTEE
DISTRICT NO. 10A
STATE BAR OF TEXAS

Ernest G. Valdez
Panel 10A-3 Chair

**AGREED AS TO BOTH FORM AND CONTENT**



Stephen Reed Goldsmith
State Bar No. 08097740
Respondent

STATE OF TEXAS          §
                        §
COUNTY OF BEXAR         §

BEFORE ME, the undersigned, a Notary Public in and for said county and state, on this day personally appeared Ernest G. Valdez, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was agreed to and executed for the purposes therein expressed.

GIVEN UNDER my hand and seal of office this 22 day of _August_, 2002.

KATHRYN E. GROSSENBACHER
MY COMMISSION EXPIRES
September 27, 2002

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

AGREED JUDGMENT OF PRIVATE REPRIMAND - Stephen Reed Goldsmith
Page 3 of 3

No. 2002-CI-17978

| | | |
|---|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, Petitioner | § § § § | IN THE DISTRICT COURT |
| v. | § § § | 285TH JUDICIAL DISTRICT |
| STEPHEN R. GOLDSMITH, Respondent | § § | BEXAR COUNTY, TEXAS |

## AGREED JUDGMENT OF PARTIALLY PROBATED SUSPENSION

On this the 30th day of June, 2003, came on to be heard the above-entitled and numbered cause, where Petitioner, COMMISSION FOR LAWYER DISCIPLINE, and Respondent, STEPHEN R. GOLDSMITH, State Bar No. 08097740, appeared personally and/or through their respective attorneys of record and announced ready. The Court, after considering the pleadings on file and the announcements of the parties that an agreement had been reached, finds that the material allegations of Petitioner's Original Disciplinary Petition are true and Petitioner is entitled to the following Judgment:

### Jurisdiction and Venue

The Court finds that Respondent, STEPHEN R. GOLDSMITH, State Bar No. 08097740, was an attorney licensed to practice law in Texas at the time of the filing of this disciplinary cause of action. The Court finds it has jurisdiction over the parties and subject matter of this action, and that venue is proper in the District Court of Bexar County, Texas, 285th Judicial District.

### Professional Misconduct

The Court further finds that the acts and conduct of Respondent, described and set forth in Petitioner's Original Disciplinary Petition, constitute professional misconduct in violation of Rules 1.01(b)(1), 1.03(a), and 1.03(b) of the Texas Disciplinary Rules of Professional Conduct. The

VOL2447PG0142

allegations of professional misconduct were brought to the attention of the State Bar of Texas by a complaint filed by Dora Vera on April 1, 2002.

## Judgment of Suspension

Therefore, the Court concludes and is of the opinion and so finds that the proper discipline of the Respondent, STEPHEN R. GOLDSMITH, State Bar No. 08097740, for the above stated professional misconduct is **SUSPENSION**.

It is, accordingly, ORDERED, ADJUDGED, and DECREED, that Respondent, STEPHEN R. GOLDSMITH, be SUSPENDED from the practice of law in the State of Texas, for a period of one year, the last six months of said suspension being probated under the terms and conditions more fully set forth below. The period of active suspension shall become effective at 12:01 a.m. on October 1, 2003 and to continue for a period of six months thereafter. The period of probated suspension shall become effective on April 1, 2004 and continue for a period of six months thereafter.

It is further ORDERED that this suspension shall be made a matter of public record and shall be published in the <u>Texas Bar Journal</u> as well as a newspaper of general circulation in the county of Respondent's residence or office.

## Conditions of Active Suspension

It is further ORDERED, that Respondent, STEPHEN R. GOLDSMITH, during the period of active suspension, being six months beginning at 12:01 a.m. on October 1, 2003, is hereby prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or in any Texas administrative body, or holding himself out to others or using his name in any manner in conjunction with the words "attorney

at law", "attorney", "counselor at law", or "lawyer". It is further ORDERED, that Respondent, STEPHEN R. GOLDSMITH, shall, on or before 12:01 a.m. on October 1, 2003, notify in writing all current clients of this suspension. In addition to such notification, the Respondent is ORDERED to return all files, papers, monies and other property belonging to clients in the Respondent's possession to the respective clients or to another attorney at the client's request. Said Respondent is ORDERED to file with this Court on or before 12:01 a.m. on October 1, 2003, an affidavit stating that all current clients have been notified of the Respondent's suspension, and that all files, papers, monies and other property belonging to all clients have been returned as ordered herein. Respondent is further ORDERED to provide a photocopy of the affidavit and all notices to the Office of Chief Disciplinary Counsel, State Bar of Texas, San Antonio Regional Office, 425 Soledad, Suite 300, San Antonio, Texas 78205.

It is further ORDERED Respondent, STEPHEN R. GOLDSMITH, shall, on or before 12:01 a.m. on October 1, 2003, notify in writing each and every justice of the peace, judge, magistrate, administrative judge and/or chief justice of each and every court in which the Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing in that court or administrative agency. Respondent, on or before 12:01 a.m., October 1, 2003, shall provide a photocopy of all notices to the Office of Chief Disciplinary Counsel, State Bar of Texas, San Antonio Regional Office, 425 Soledad, Suite 300, San Antonio, Texas 78205.

It is further ORDERED that Respondent, STEPHEN R. GOLDSMITH, shall, on or before 12:01 a.m. on October 1, 2003, surrender his Texas law license and permanent State Bar Card to the Clerk of the Supreme Court of Texas by delivering the same to the Office of Chief Disciplinary Counsel, State Bar of Texas, San Antonio Regional Office, 425 Soledad, Suite 300, San Antonio,

Texas 78205. In the event Respondent's law license or State Bar Card cannot be located, Respondent, on or before 12:01 a.m., October 1, 2003, shall file an affidavit with the State Bar of Texas stating the law license and State Bar Card cannot be located.

It is further ORDERED, ADJUDGED and DECREED that Respondent shall remain under active suspension from the practice of law until such time as he complies with all terms and conditions of this Judgment.

## Conditions of Probated Suspension

It is further ORDERED that the six month balance of Respondent's suspension shall be probated from April 1, 2004 until September 30, 2004. The period of probated suspension shall be subject to the following terms and conditions:

1. Respondent shall not violate any of the provisions of the Texas Disciplinary Rules of Professional Conduct nor any provision of the State Bar Rules or any terms of this Judgment;

2. Respondent shall not violate the laws of the United States or any other state other than minor traffic violations;

3. Respondent shall maintain a current status regarding membership fees in accordance with Article III of the State Bar Rules;

4. Respondent shall comply with Minimum Continuing Legal Education (MCLE) requirements in accordance with Article III of the State Bar Rules;

5. Respondent shall comply with Interest on Lawyers Trust Account requirements in accordance with Article XI of the State Bar Rules;

6. Respondent shall keep the State Bar membership department notified of his current business and home addresses, and telephone numbers, and shall immediately notify the State Bar membership department of the State Bar of Texas, 400 W. 15th Street, Suite 1500, Austin, Texas 78701, of any change in addresses or phone numbers; and

7. Respondent shall submit himself to the Professionalism Enhancement Program Committee for the State Bar of Texas, District 10, for a term as prescribed by the Committee. Respondent is ORDERED to comply with all terms and conditions as set forth by the Committee. Any failure to cooperate or fully comply with all of the Committee's terms and conditions shall be grounds for probation revocation and/or shall form the basis of a State Bar

initiated complaint for the violation of the terms of a disciplinary judgment pursuant to Rule 8.04(a)(7). Respondent shall execute waivers or releases of confidentiality and provide other documents required by the Committee. Any and all costs or expenses associated with any requirement placed on Respondent by the Committee shall be the sole responsibility of the Respondent.

8.      Respondent shall pay to the State Bar of Texas all reasonable and necessary attorney's fees, litigation expenses and court costs as ordered in this Judgment. Failure to pay attorney's fees, expenses and court costs as ordered shall be grounds for revocation of Respondent's probation. In the event attorney's fees, expenses and court costs are not timely paid as ordered, Respondent shall remain under active suspension until all amounts are paid in full.

9.      Respondent shall comply with all requests for information forwarded to him by the General Counsel's office or by any grievance or PEP committee of the State Bar of Texas.

10.      Respondent shall cooperate fully with the State Bar of Texas' General Counsel's office in their efforts to monitor compliance with the terms and conditions of the Judgment.

### Motion to Revoke Probation

It is further ORDERED that if Respondent is found to have committed professional misconduct during the period of probated suspension or is found to have violated any term of this Judgment, the State Bar of Texas, may, in addition to all other remedies available, file a Motion to Revoke Probation with the District Court in the County of Respondent's residence or place of practice and serve a photocopy of the Motion on Respondent pursuant to Tex.R.Civ.P. 21a at Respondent's last address shown on the membership rolls of the State Bar of Texas. It is hereby agreed that such address shall be valid for purposes of service of the motion to revoke probation.

The Court shall, without the aid of a jury, conduct an evidentiary hearing no sooner than twenty (20) days after service of such Motion to Revoke Probation with reasonable notice of the hearing date to Respondent. At the hearing, the Court shall determine by a preponderance of the evidence whether Respondent has violated any term or condition of probation or of this Judgment. If the Court finds that Respondent has committed acts of professional misconduct during the period of active or probated suspension or violated any term of this probation or this Judgment, the Court shall

enter an Order revoking probation and placing Respondent on active suspension for an additional three (3) years from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to the revocation.

It is further ORDERED that any conduct on the part of Respondent which serves as the basis for motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct, Texas Rules of Disciplinary Procedure, and/or the State Bar Rules.

### Attorney's Fees and Litigation Expenses

It is further ORDERED Respondent, STEPHEN R. GOLDSMITH, is to pay to the State Bar of Texas on or before August 1, 2003, its reasonable and necessary attorney's fees and litigation expenses in the amount of five hundred dollars ($ 500.00) by money order, cashier's check, or other similar method of guaranteed payment, to the State Bar of Texas, Office of the General Counsel, San Antonio Regional Office, 425 Soledad, Suite 300, San Antonio, Texas 78205.

### Court Costs

It is further ORDERED that all costs of court incurred in this matter shall be taxed against Respondent, for which execution may issue if not paid on or before the sixtieth (60th) day following presentment.

It is further ORDERED that any restitution, attorney fees, litigation expenses and court costs ordered herein are part of the sanction for misconduct and result from regulation of Respondent's law license by the State Bar of Texas and the Supreme Court of Texas, through the Texas Disciplinary Rules of Professional Conduct, and are intended by the parties to be non-dischargeable in bankruptcy.

### Effect of Appeal on Suspension

It is further ORDERED that if appeal is perfected in this cause rendering ineffective the

specific dates provided in this judgment for the periods of active or probated suspension, the period of active and probated suspension shall commence on the first day of the first month following the date this Judgment becomes final. Any change to the specific dates of the suspension shall not defeat the validity of any other term or condition of this Judgment and/or this probation.

<u>**Order to District Clerk**</u>

It is further **ORDERED** that the Clerk of this Court shall forward two (2) certified photocopies of the Petitioner's Original Petition on file herein, along with two (2) certified photocopies of this Judgment of Partially Probated Suspension to the State Bar of Texas, Office of the Chief Disciplinary Counsel, San Antonio Regional Office, 425 Soledad, Suite 300, San Antonio, Texas 78205.

All relief not expressly granted is denied.

Signed this the _27th_ day of June, 2003.

HON. WILFORD FLOWERS
SPECIALLY ASSIGNED PRESIDING JUDGE

**AGREED AS TO BOTH FORM AND CONTENT**

Stephen Reed Goldsmith
State Bar No. 08097740
Respondent

STATE OF TEXAS                     §
                                   §
COUNTY OF BEXAR                    §

VOL 2 4 4 PG 0 1 4 9

      BEFORE ME, the undersigned, a Notary Public in and for said county and state, on this day personally appeared Stephen Reed Goldsmith, known to me to be the person whose name is subscribed to the foregoing instrument, and being by me first duly sworn, acknowledged to me that the same was agreed to and executed for the purposes therein expressed.

      GIVEN UNDER my hand and seal of office this 26th day of June , 2003.

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

HECTOR M. RANGEL
NOTARY PUBLIC
State of Texas
Comm .Exp. 12-10-2004

APPROVED AS TO FORM:

DWAIN COUSINS
P.O. Box 486
Austin, Texas 78701
Telephone: (512) 236-1787
Fax: (512) 262-1187

By:

DWAIN COUSINS
State Bar No. 007935533
ATTORNEY FOR RESPONDENT

Commission for Lawyer Discipline
PAUL H. HOMBURG III,
Disciplinary Counsel
Office of the Chief Disciplinary Counsel
State Bar of Texas
425 Soledad, Suite 300
San Antonio, Texas 78205
Telephone: (210) 271-7881
FAX: (210) 271-9642

By:

    PAUL H. HOMBURG III
    State Bar No. 09934050
ATTORNEYS FOR PETITIONER

VOL 2447 PG 0150